**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

MULTI-TECH SYSTEMS, INC.,

Plaintiff,

v.

VOCALTEC COMMUNICATIONS INC., and VOCALTEC COMMUNICATIONS LTD.

Defendants.

Civil Acton No. 00-CV-1541 (ADM/RLE)

**STIPULATION AND PROTECTIVE ORDER**

WHEREAS, the parties to this action believe that conducting discovery of parties and third parties may require disclosure of trade secrets or other confidential information, including research, development, commercial, financial and personnel information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure.

Therefore, to ensure that such asserted confidential and proprietary information will not be used for any purpose other than this action, including that no unintended uses or unfair advantage is gained by a party through disclosure or use of any trade secrets or other confidential information which may be obtained during discovery in this case, and to ensure that such confidential and proprietary information will not be made public by any party, or be otherwise disseminated by another party, beyond the extent necessary for purposes of this action, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure,

56

FILED MAR 01 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK J.H.

IT IS HEREBY ORDERED, that if, pursuant to proceedings in this action, any party or non-party witness (a) produces information or permits inspection or sampling of any tangible thing, whether informally or in response to oral examination, written interrogatories, requests for admission, requests for production of documents, requests for inspection, subpoena, or subpoena duces tecum, which any party or other person claims to constitute its or his trade secrets or other confidential information, including research, development, commercial, financial or personnel information, or (b) receives, by an oral or written communication, information which any party or other person claims to constitute its or his trade secrets or other confidential information, including research, development, commercial, financial, or personnel information, the following procedures shall be employed and the following restrictions shall govern:

**DEFINITIONS**

1. For purposes of this Order, CONFIDENTIAL INFORMATION means any document, tangible thing, transcript of oral testimony or recorded statement of counsel and the content of such document, thing, transcript or statement, designated by any party as confidential because it contains or is a trade secret or other confidential research, development, or commercial information as those terms are used in Rule 26(c)(7) of the Federal Rules of Civil Procedure. By way of example and not limitation, CONFIDENTIAL INFORMATION may be included in documents, portions, of documents, transcripts, answers to interrogatories, briefs, summaries, notes, abstracts, motions, drawings and instruments which comprises, embodies or summarizes matter which any party considers confidential and desires not to be made public.

2. By way of example and without any limitation, the term "documents" shall include but not be limited to correspondence, memoranda, bulletins, circulars, advertisements, catalogs, publications, or other printed matter, interoffice and/or intracorporate communications, minutes, telegrams, letters, statements, canceled checks, contracts, invoices, drafts, maps, charts, books of accounts, work sheets, notes of conversations, desk diaries, appointment books, expense accounts, recordings, specifications, photographs, motion pictures, compilations from which information can be obtained and translated as required through detection devices

into reasonably usable form, sketches, drawings, notes (including laboratory notebooks and records), blueprints, disclosures, models. data, reports, work assignments, instructions, source code, software, and other writings or digital data.

1. **<u>Designation of Material as "CONFIDENTIAL."</u>** Any party or non-party (hereinafter, the "designating party") shall have the right to designate as "CONFIDENTIAL" any information or thing it believes in good faith embodies either trade secrets, which relate to its business or were disclosed to it in confidence by any non-party, or other confidential information, including research, development, commercial, financial or personnel information.

2. **<u>Restriction on Use and Disclosure of Designated and Non-Designated Materials</u>**. No information or material produced or made available pursuant to formal or informal discovery in this action, regardless of whether it is designated "CONFIDENTIAL," shall be used for any purpose other than to assist counsel of record in the preparation and trial of this action, subject to the further provisions of this Protective Order.

No information designated as "CONFIDENTIAL" and no information derived therefrom shall be used or disclosed to any person or entity except as set forth in Sections 4, 5, 6, 7, and 8 of this Protective Order. Counsel for each party shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure or copying of any designated "CONFIDENTIAL" material.

The restrictions contained in this section do not apply to (a) information which, as evidenced by written records, was lawfully possessed by a party before such information was produced in connection with this action; (b) information which, as evidenced by written

records, is or was public knowledge at the time of or prior to designation in this action, or which, after such designation, becomes public knowledge other than by an act or failure of act of a non-designating party, its counsel or independent consultant in violation of this Protective Order; or (c) information which, as evidenced by written records, a non-designating party has lawfully obtained or may hereafter lawfully obtain from a non-party to this action having the right to disclose such information free of any obligation of confidentiality; (d) information which, as evidence by written records, was independently developed by the non-designating party, and (e) information which was obtained from the furnishing party without having been identified as "CONFIDENTIAL" information (subject to the provisions and circumstances provided for in paragraph 9 hereof).

3. **Marking of Designated Materials**. A designation as to documents or things shall be made by placing a legend on each page of any document or thing that a designating party wishes to protect against unauthorized disclosure or use. The legend shall state:

**"CONFIDENTIAL"**

All pages of documents to be so designated shall be marked prior to the provision of a physical copy thereof to the receiving party. Any copy made of such document or thing or any abstract, summary or memorandum embodying information designated pursuant to this Order shall bear on its face the legend 'Confidential.' The designation of anything as to which inspection or sampling has been requested shall be made by placing the legend in the form described above on the thing itself or the container within which it is stored. If, during the course of discovery in this action, the parties hereto, or their representatives, are authorized to inspect another party's facilities, or processes of product manufacture, any

documents or things generated as a consequence of any such inspection shall be deemed by the inspecting party, subject to the other provisions of this Order, to comprise or to be "CONFIDENTIAL" information and shall be treated as such. By agreement of counsel for the parties, documents may be made available for initial inspection by counsel for the requesting (receiving) party prior to the furnishing party producing copies of selected items. In such cases, documents shall be inspected only by counsel and supporting employees of counsel permitted access to anything designated "CONFIDENTIAL." The furnishing party shall then have an opportunity to designate the documents as "CONFIDENTIAL" pursuant to the provisions of this Protective Order, prior to furnishing copies to the receiving party. Such initial inspection shall not constitute a waiver of confidentiality with respect to any document so inspected.

4. **Depositions**. Portions of deposition transcripts and deposition exhibits may be designated either (a) during the deposition, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "CONFIDENTIAL" by the reporter, or (b) by written notice to the reporter and to all counsel of record, given within thirty (30) days after the reporter sends written notice to the deponent or his or her counsel that the transcript is available for review, in which case all counsel receiving such notice shall be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the designating party. Pending the expiration of thirty (30) days after the reporter sends written notice that a deposition transcript is available for review, all parties shall treat the deposition transcript and deposition exhibits as if they have been designated "CONFIDENTIAL." The designating party shall have the right to have all

persons, except the deponent and his counsel, outside counsel of record for named parties, the court reporter, and such other persons as are permitted under Section 6 hereof, excluded from a deposition, or any portion thereof, before the taking therein of testimony which the designated party designates "CONFIDENTIAL" under this Protective Order.

5. **Filing Designated Materials**. All documents and other matter filed with this Court, including, inter alia, transcripts of depositions, exhibits, physical evidence, answers to interrogatories or requests for admission, briefs and memoranda, which comprise or contain material designated as "CONFIDENTIAL" or information taken therefrom, shall be filed or lodged with and kept by the Clerk of this Court in sealed envelopes or other appropriately sealed containers on which shall be endorsed the caption of this action, an indication of the nature of the contents of the sealed envelope or container, the identity of the party filing the materials, and the following (or substantially similar) statement:

CONFIDENTIAL INFORMATION
SUBJECT TO PROTECTIVE ORDER
Multi-Tech v. VocalTec
D. Minnesota, No. 00-CV-1541 (ADM/RLE)

> This envelope (container) is sealed pursuant to the [date] Order of the Court and contains confidential information filed in this litigation by [name of producing party]. It is not to be opened nor the contents thereof displayed, revealed, or made public, except by written order of the Court or consent of the parties claiming confidentiality.

No such sealed envelope or container shall be provided to any party to other actions or persons other than those permitted under paragraphs 6 through 8 hereof, except upon further written order of this Court. Any such order shall specifically identify by name and address the person(s) who may have access to the sealed file and shall specifically designate the

portion(s) of the sealed file to which such person(s) may have access and the restrictions upon his or her use or disclosure of such materials.

6. **Access to "CONFIDENTIAL" Materials**. Subject to sections 2, 7, and 8 hereof, information designated as "CONFIDENTIAL" shall not be provided, shown, made available, or communicated in any way to any person or entity with the exception of (a) any attorney who is a member or employee of Robins, Kaplan, Miller & Ciresi L.L.P.; Brinks Hofer Gilson & Lione; Bowman and Brooke, L.L.P., and any counsel of record; (b) the regularly employed office staffs of the above entities and necessary litigation vendors, who are performing legal and other related support services in connection with this action; (c) court personnel and stenographic reporters; and (d) Terry Gerstner and Tzahi Levy, in-house counsel for VocalTec Communications Inc. and VocalTec Communications Ltd. This Protective Order does not block access of the designating party's own employees to confidential information belonging to the designating party.

7. **Disclosure to Authors and Previous Recipients**. The designation of any document as "CONFIDENTIAL" shall not preclude any party from showing the document to any person who appears as the author or as an addressee on the face of the document, or who has been identified by the designating party as having been provided with the document or the information therein by the designating party.

8. **Disclosure to Consulting and Testifying Experts**. Subject to sections 2 and 6 hereof, information designated as "CONFIDENTIAL" shall not be provided, shown, made available, or communicated in any way to any person or entity with the exception that

consulting and testifying experts or businesses may be allowed access to "CONFIDENTIAL" information after the party seeking to make the disclosure to the expert or business satisfies the conditions outlined herein: Prior to any disclosure of material designated as "CONFIDENTIAL" to any consulting or testifying expert or business, counsel desiring to make such disclosure shall first provide ten (10) days prior written notice to all counsel of record of its intent to make such disclosure, provide the address and position of the person to whom such disclosure is to be made, along with a copy of the person's curriculum vitae. If, within said ten (10) days, the designating party gives written notification of its objection to the disclosure to counsel desiring to make the disclosure, no disclosure shall be made except by Order of the Court or subsequent agreement of all parties. Any persons to whom such disclosure is made must be provided with a copy of this Protective Order. Such person must agree to be bound by terms of the Protective Order and sign the Agreement attached hereto as Exhibit 1. For a business, the statement shall be signed by a person authorized to bind the business organization who shall advise any other personnel of such consultant to whom "Confidential" information is disclosed of the obligations imposed by this Order. Counsel desiring to make such disclosure shall fax or otherwise send a copy of the executed Agreement to opposing counsel, and the ten (10) day period shall run from the date that the executed Agreement is faxed or otherwise sent. Counsel desiring to make such disclosure shall keep the executed Agreement on file.

9. **Materials Not Initially Designated**. The initial failure to designate information in accordance with this Protective Order shall not preclude any party or non-party from designating any information "CONFIDENTIAL." A party or non-party shall

promptly upon discovery of such inadvertent disclosure provide written notice to counsel of record for the receiving party designating the previously produced information as "CONFIDENTIAL." The party in receipt of such designated material shall restrict the disclosure of such information to only those persons qualified pursuant to Sections 6 and 8 of this Protective Order, and, if such information has previously been disclosed to persons not so qualified, it shall take reasonable efforts to obtain all such previously disclosed information and advise such persons of the claim of confidentiality.

If a producing party inadvertently disclosed to a receiving party information that is privileged or otherwise immune from discovery, said producing party shall promptly upon discovery of such disclosure so advise the receiving party in writing and request that the item or items of information be returned. It is further agreed that, in the case of inadvertent production, the receiving party will return such inadvertently produced item or items of information and all copies thereof within ten (10) business days of receipt of a written request for the return of such item or items of information. The party having returned such inadvertently produced item or items of information may thereafter seek production of any such documents in accordance with the Federal Rules of Civil Procedure. Upon moving the court, said receiving party bears the burden of establishing that such inadvertent production constituted a waiver.

10. **Purpose of Designations**. The designation by any party or non-party witness of any document, thing, or information as "CONFIDENTIAL" pursuant to this Protective Order is intended solely to facilitate preparation and trial. Treatment by opposing counsel in conformity with the indicated designation shall not be construed in any way as an admission

or agreement by any party that the designated information constitutes or contains any trade secret or confidential information of any other party or witness.

11. **Challenge to Designations**. If the non-designating party objects to the "CONFIDENTIAL" designation, it may notify counsel for the designating party of such objection and the bases therefore. The parties shall then attempt to resolve the dispute by negotiation. If such negotiations fail to resolve the dispute, any party wishing to challenge the designation may file a motion for an appropriate order.

(a) On any such motion, the designating party shall have the burden of establishing that the designation is appropriate, except that the burden of proving the exceptions set forth in paragraph 2(a)-(e) shall rest on the party asserting the exceptions.

(b) Until the Court rules on the propriety of the challenged designation, the parties shall continue to treat such information as "CONFIDENTIAL."

(c) No party shall be obligated to challenge the propriety or correctness of a designation of information as "CONFIDENTIAL," and a failure to do so upon receipt of the information shall not preclude or prejudice the right to later object to a designation pursuant to this paragraph.

12. **Return of Designated Materials**. Upon final adjudication of the claims at issue herein, or upon such earlier Order as this Court may enter pursuant to duly noticed motion and hearing, the Clerk of this Court shall return to each designating party all exhibits

and deposition transcripts designated as "CONFIDENTIAL" that have been filed with this Court by each party.

13. **Disposition of Designated Materials at End of Case**. Within sixty (60) days of the final adjudication, or resolution through settlement, of the claims at issue herein, unless otherwise agreed to in writing by an attorney of record for the designating party, each party shall either (a) assemble and return all "CONFIDENTIAL" material, including all copies thereof, to the party or non-party witness from which the designated material was obtained, or (b) certify in writing that all such material has been destroyed. The parties shall destroy any outlines, summaries, abstracts, compilations, memoranda, documents and the like which constitute, embody, contain, or disclose the contents of confidential information. The producing party shall acknowledge receipt of such material in writing.

Unless otherwise agreed to, outside counsel for each party may retain one (1) archive copy of all "CONFIDENTIAL" material, and this Protective Order shall remain in force with respect to such material.

14. **Duration of Order**. The confidentiality obligations imposed by this Order shall survive any such expiration unless otherwise expressly ordered by this Court upon a duly noticed motion and hearing.

15. **Modification of Order**. Nothing in this Protective Order shall prevent any party from applying to this Court for entry of an Order declassifying a document which has been designated "CONFIDENTIAL." This Protective Order shall not prevent any party from applying to this Court for relief therefrom or from applying to this Court for further or

additional protective orders, or from modifying this Protective Order by mutual agreement, subject to the approval of this Court.

Nothing in this Stipulation and Protective Order shall bar counsel from rendering advice to their client with respect to this litigation and, in the course thereof, relying upon any Confidential information.

The parties agree that any and all communication between the parties and their counsel of record in this case after the date that counsel was retained for purposes of this action need not be placed on a privilege log.

Dated: 2-28-01

By: [signature]

Ronald J. Schutz (#130489)
Kevin D. Conneely (#192703)
Ken R. Hall (#247017)
Darren B. Schwiebert (#260642)
Jodene Jensen (#277216)
Misti Nelc (#296090)
**ROBINS, KAPLAN, MILLER & CIRESI L.L.P**
800 N. LaSalle Avenue, Suite 2800
Minneapolis, MN 55402-2015
Phone: (612) 349-8500

Attorneys for Plaintiff
MULTI-TECH SYSTEMS, INC.

Dated: February 27, 2001

By: [signature]

Allan J. Sternstein
William H. Frankel
Meredith Martin Addy
David H. Bluestone
**BRINKS HOFER GILSON & LIONE**
NBC Tower - Suite 3600
455 N. Cityfront Plaza Drive
Chicago, Illinois 60611-5599
Phone: (312) 321-4200

-and-

**BOWMAN AND BROOKE, LLP**
Richard G. Morgan (#157053)
David S. Miller (#239860)
150 South Fifth Street, Suite 260
Minneapolis, MN 55402
Phone: (612) 339-9692

Attorneys for Defendants
VOCALTEC COMMUNICATIONS INC. &
VOCALTEC COMMUNICATIONS LTD.

SO ORDERED this 1st day of March, 2001.

Raymond L. Erickson

Magistrate Judge Raymond L. Erickson
United States District Court
District of Minnesota

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| MULTI-TECH SYSTEMS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>VOCALTEC COMMUNICATIONS INC., and VOCALTEC COMMUNICATIONS LTD.<br><br>Defendants. | Civil Acton No. 00-CV-1541 (ADM/RLE) |

**AGREEMENT**

I, ______________________, hereby state as follows:

1. I have been retained by ______________________ in connection with the above-captioned case to testify and/or consult as an expert witness.

2. My present employment is with _________________________________ and my position is ________________.

3. I have been provided with a copy of the Stipulation and Protective Order entered in this case and have read and understand the same.

4. I agree to comply with all provisions in the Stipulation and Protective Order and further agree to the jurisdiction of the above identified Court for the purpose of enforcement of this Agreement.

5. At the end of this case, I agree to destroy or return to counsel by whom I am employed all materials designated "CONFIDENTIAL" which have been disclosed to me during the course of this litigation, as well as any notes or documents which I have generated related thereto.

EXHIBIT 1

6. I understand that if I should violate the terms of the Stipulation and Protective Order, I may be subject to sanctions by the Court.

SUBSCRIBED AND SWORN to
before me this ___ day
of ________, 200__

______________________________

______________________________
Notary Public

EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Office of the Clerk
417 Federal Building
515 West First Street
Duluth, MN 55802

# Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing ***confidential original*** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 *All pleadings, motions, and other papers presented for filing shall be on 8½ x 11 inch white paper . . . flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts).*

B. Each envelope must list the following information, and ***EACH DOCUMENT IS TO BE IN A SEPARATE ENVELOPE***.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.